UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10213-RGK-GJS | Date | January 28, 2021 |
|---|---|---|---|
| Title | *Kent Sterling Attwood v. Bamboo IDE8 Insurance Services, LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 8]

## I.  INTRODUCTION

On September 28, 2020, Plaintiff Kent Sterling Attwood ("Plaintiff") filed a Complaint in state court against Defendants Bamboo Insurance Services, LLC, d/b/a Bamboo Insurance ("Bamboo"), Catlin Insurance Company, Inc. ("Catlin"), and Mark Cowart ("Cowart") (collectively, "Defendants") for the following claims: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) intentional interference with contractual relationship, and (4) unfair business practices, in violation of the California Business & Professions Code, §§ 17200, *et seq* ("UCL"). The only claim asserted against Cowart is the intentional interference claim.

On November 6, 2020, Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. Notice of Removal (ECF No. 1).

Presently before the Court is Plaintiff's Motion to Remand. For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II.  FACTUAL BACKGROUND

Plaintiff alleges the following in his Complaint:

Plaintiff, a resident of California, purchased an insurance policy from Bamboo and Catlin, identified as policy number CASD 185217 (the "Policy"). The Policy insured all risks of loss at Plaintiff's home, located in Quartz Hill, California (the "Property"). The Policy provides Dwelling coverage, Personal Property coverage, and Additional Living Expense coverage.

While the Policy was in effect, on or about August 6, 2019, the Property suffered significant damage from a sudden and accidental direct physical loss resulting from an accidental discharge of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10213-RGK-GJS | Date | January 28, 2021 |
|---|---|---|---|
| Title | *Kent Sterling Attwood v. Bamboo IDE8 Insurance Services, LLC et al* | | |

water when a pipe located within the Property allowed water to escape and damage the Property and its contents.

Plaintiff provided prompt notice of the damage to Bamboo and Catlin and brought a claim under the Policy. Bamboo assigned its claims adjuster, Defendant Cowart, to Plaintiff's claim. However, Bamboo and Catlin ultimately denied Plaintiff's insurance claim on the grounds that Plaintiff allegedly misrepresented certain facts regarding the loss.

After denying Plaintiff's claim on or around January 8, 2020, Bamboo and Catlin dropped Plaintiff as their insured and refused to renew his Policy due to their biased and unreasonable investigation of Plaintiff's claim.

This suit followed.

### III. JUDICIAL STANDARD

28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. The removal statute is strictly construed against a finding of removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The party seeking removal bears the burden of establishing a federal court's jurisdiction. *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 771 (9th Cir. 1986).

The diversity jurisdiction statute, 28 U.S.C. § 1332, provides that district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. The party seeking removal bears the burden of establishing a federal court's jurisdiction. *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 771 (9th Cir. 1986).

### IV. DISCUSSION

It is undisputed that Plaintiff and Bamboo are both citizens of California for purposes of determining diversity jurisdiction. It is also undisputed that, to establish this Court's subject matter jurisdiction over Plaintiff's claims, Defendants bear the burden of establishing (1) complete diversity of citizenship between the parties, and (2) that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Plaintiff sets forth two primary arguments in support of his Motion. First, Plaintiff asserts that Bamboo's presence in this case destroys complete diversity because Plaintiff and Bamboo are both citizens of California. Second, Plaintiff argues that Defendants have failed to establish that the amount in controversy exceeds $75,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10213-RGK-GJS | Date | January 28, 2021 |
|---|---|---|---|
| Title | *Kent Sterling Attwood v. Bamboo IDE8 Insurance Services, LLC et al* | | |

Defendants rejoin that Bamboo's presence in this case does not destroy complete diversity because Bamboo was fraudulently joined as a defendant. Defendants also argue that the amount in controversy is at least $123,428.54.

The Court considers Plaintiff's arguments in turn.

### A. Complete Diversity & Fraudulent Joinder

"Fraudulent joinder" is a "term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of law." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal citations omitted). The removing party has the burden to establish fraudulent joinder "by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The case must be remanded "unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

Plaintiff argues that Bamboo was not fraudulently joined as a defendant because the Complaint alleges three cognizable claims against Bamboo: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) violation of the UCL. For the reasons that follow, the Court finds that Plaintiff's Complaint does not state a cognizable claim against Bamboo and that Bamboo's citizenship is therefore not considered for purposes of diversity jurisdiction.

Under California law, a plaintiff "cannot assert a claim for breach of contract against one who is not a party to the contract." *Tri-Continent Int'l Corp. v. Paris Sav. & Loan Ass'n*, 12 Cal. App. 4th 1354, 1359 (1993). Furthermore, "an agent for a disclosed principal to a contract is not liable on the contract itself or on a claim that necessarily arises from the contract." *Freedman v. Brutzkus*, 182 Cal. App. 4th 1065, 1071 (2010) (citation omitted). This rule applies to claims for breach of the implied covenant of good faith and fair dealing that arises from a contract under California law. *See Austero v. Nat'l Cas. Co.*, 62 Cal. App. 3d 511, 516–17 (1976) ("[L]iability for 'bad faith' has been strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship. Where no such relationship exists, no recovery for 'bad faith' may be had.").

Here, Plaintiff alleges that his insurance Policy was issued by Defendants Bamboo and Catlin. Compl. ¶ 1. However, the Policy itself, which Plaintiff attached to his Complaint, tells a different story. The first page of the Policy states: "Your policy is issued by Catlin Insurance Company, Inc." Notice of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10213-RGK-GJS | Date | January 28, 2021 |
|---|---|---|---|
| Title | *Kent Sterling Attwood v. Bamboo IDE8 Insurance Services, LLC et al* | | |

Removal, Exhibit 1 at 17, ECF No. 1-1.[1] Thus, by its terms, the Policy is a Contract between Plaintiff and Catlin. *See Stein v. Int'l Ins. Co.*, 217 Cal. App. 3d 609, 613 (1990) ("An insurance policy is, fundamentally, a contract between the insurer and the insured."). Although Plaintiff alleges that Bamboo also issued the Policy, the Policy does not state that Bamboo is a party to the Contract, nor does the Contract impose any duties or obligations on Bamboo. The Court therefore finds that the Policy, by its terms, provides clear and convincing evidence that Bamboo is not a party to the Contract.

Plaintiff does not dispute that the Policy is a true and correct copy of the Contract from which his claims arise. Instead, Plaintiff argues that "Bamboo is properly named as a defendant for breach of contract [and] breach of the covenant of good faith and fair dealing . . . claims as an insurer because the insurance policy is on Bamboo's letterhead." Motion at 3. Though creative, Plaintiff's argument is unfounded in the law. The Court is aware of no authority that supports Plaintiff's contention that an entity can become a party to a contract by virtue of the entity's name appearing on the letterhead on which the contract is printed. Plaintiff therefore cannot maintain a claim for breach of the Policy against Bamboo under California law. *See Tri-Continent*, 12 Cal. App. 4th at 1359. The same holds true for Plaintiff's claim for breach of the implied covenant of good faith and fair dealing: "It is settled that this cause of action lies only against the insurer, and is based on the contractual relationship between insurer and insured." *Tran v. Farmers Grp., Inc.*, 104 Cal. App. 4th 1202, 1217 (2002).

With respect to Plaintiff's claim for violation of the UCL, Defendants argue that Plaintiff cannot maintain his UCL claim against Bamboo because the claim is dependent on the existence of an underlying contractual relationship that does not appear to exist. The Court agrees.

The UCL defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code, § 17200. "By proscribing 'any unlawful' business act or practice . . . , the UCL 'borrows' rules set out in other laws and makes violations of those rules independently actionable." *Zhang v. Superior Court*, 57 Cal. 4th 364, 370 (2013). A practice may violate the UCL if it is prohibited by another statute, *id.*, or if it is prohibited by the common law. *Id.* at 380.

Here, Plaintiff asserts that his UCL claim is "based on [Defendants'] 'bad faith,' as alleged, in the handling of Plaintiff's claim." Motion at 8. As discussed previously, however, Plaintiff cannot maintain a claim for bad faith breach of the implied covenant of good faith and fair dealing against Bamboo. *See Austero*, 62 Cal. App. 3d at 516–17 (1976) ("[L]iability for 'bad faith' has been strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship."). Because Plaintiff also fails to state a claim against Bamboo for breach of contract, Plaintiff has failed to allege that Bamboo's conduct is prohibited by statute or by the common

---

[1]   Citations to Exhibit 1 to the Notice of Removal refer to the ECF pagination located in the header of the document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10213-RGK-GJS | Date | January 28, 2021 |
|---|---|---|---|
| Title | *Kent Sterling Attwood v. Bamboo IDE8 Insurance Services, LLC et al* | | |

law, as required to support a UCL claim. *See Zhang*, 57 Cal. 4th at 370. Accordingly, Plaintiff's UCL claim against Bamboo is left without a leg to stand on.

In summary, Plaintiff fails to state a cognizable claim against Bamboo. Although Plaintiff asserts that he may be able to state a claim if granted leave to amend his Complaint, Defendants have put on clear and convincing evidence that Bamboo is not a party to the Policy. As discussed above, Bamboo's status as a non-party to the Policy is fatal to Plaintiff's three claims as they are alleged in the Complaint. The Court therefore disregards Bamboo's citizenship for purposes of determining diversity jurisdiction.

### B. Amount in Controversy

Next, Plaintiff argues that this case must be remanded because Defendants have failed to establish that the amount in controversy exceeds the jurisdictional minimum set forth in 28 U.S.C. § 1332. In a removal case premised on diversity jurisdiction under 28 U.S.C. § 1332, where a plaintiff challenges the amount in controversy, a removing defendant seeking to invoke federal jurisdiction must establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); 28 U.S.C. § 1332(a). The Court finds that Defendants have carried their burden of establishing that the amount in controversy exceeds $75,000.

Defendants contend that the amount in controversy is at least $123,428.54. *See* Defs.' Opp. to Pl.'s Mot. to Remand ("Opposition") at 27, ECF No. 9. In support of this contention, Defendants cite a letter that Plaintiff's former attorney, Ani Mergerdichian ("Mergerdichian"), sent to Cowart on June 1, 2020. In her letter, Mergerdichian states that Plaintiff's incurred damages from the loss totaled $152, 610. 68, including $123,428.54 for repair costs. Cowart Decl., Ex. 10 at 66 (ECF No. 9-13). Plaintiff does not offer any evidence to rebut Defendants' contention. Accordingly, Defendants have established by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

           : 

Initials of Preparer